# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARRYL ALLEN FLYNN,

                Plaintiff,

v.

LT. BURNS,

                Defendant.

Case No. 17-CV-312-JPS

**ORDER**

        Plaintiff, a prisoner at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The Court assessed and Plaintiff has paid the initial partial filing fee of $15.62. 28 U.S.C. § 1915(b)(4).

        Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous,"

"is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on May 27, 2016, he received a memorandum from correctional officer Lieutenant Burns ("Burns") informing him that he would be subject to disciplinary action if Plaintiff contacted his daughter by letter or phone. (Docket #1 at 2). At this time, Plaintiff's daughter was fifteen-and-a-half years old. *Id.* The memorandum was prompted by a complaint from the mother of Plaintiff's daughter, who complained that Plaintiff was writing to his daughter at her school. *Id.* Plaintiff claims that writing letters is the only form of contact he has with his daughter. *Id.* at 3.

Plaintiff alleges that, in order to challenge the no-contact order, he sent letters from his daughter to Burns to show Burns that his daughter has a desire to communicate with him. *Id.* Additionally, Plaintiff states that he appealed Burns' memorandum but that his complaint was dismissed without an investigation. *Id.* Plaintiff views Burns' memorandum and threat of discipline as "effectively terminat[ing] [his] parental rights." *Id.* He further contends that Burns' action violated his First Amendment right to communicate with his child by mail. *Id.* Plaintiff maintains that the memorandum "was issued without any proof of wrongdoing" by Plaintiff. *Id.* Further, when Plaintiff inquires with Burns about what facts support the no-contact order, Burns does not respond. *Id.* Consequently, Plaintiff also

asserts that deprivation of the right to contact his daughter without proof of wrongdoing and without recourse constitutes a violation of his due process rights under the Fourteenth Amendment. *Id.* Plaintiff seeks an injunction from the Court suspending the no-contact order and monetary damages. *Id.*

Under the liberal standard of review that the Court must apply at the screening stage, it finds that Plaintiff should be permitted to proceed on his First and Fourteenth Amendment claims. Inmates generally have a right under the First Amendment to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005). Prison regulations that affect a prisoner's receipt of non-legal mail implicate First Amendment rights of free speech and association and must be "reasonably related to legitimate penological interests." *Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("In the First Amendment context,. . .a prison inmate retains those First Amendment rights [of freedom of speech and association] that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."). Here, without an explanation from Burns as to why the no-contact order was instituted, the Court is obliged to permit this claim to proceed further.

The same goes for Plaintiff's Fourteenth Amendment claims. The Fourteenth Amendment Due Process Clause offers both substantive and procedural protections. Substantive due process protects certain fundamental liberty interests, such as those arising from the parent-child relationship, while procedural due process relates to the fairness of the procedures used to effect deprivations of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When an inmate's mail is restricted, the requirements for procedural due process are satisfied if the inmate receives notice of the restriction and has a reasonable opportunity to protest, and if the restriction

is reviewed by a third party who did not participate in the original decision. *See Procunier v. Martinez*, 416 U.S. 396, 418–19 (1974). As for substantive due process, in this case it may be that Plaintiff's liberty interest arising from the parent-child relationship is threatened by Burns' action. *See Dotson v. Grayson*, 39 F. App'x 991, 993 (6th Cir. 2002) (allowing inmate to proceed on claim that no-contact order with daughter allegedly violated First Amendment and substantive due process). Suffice to say that at the screening stage, the Court does not find these two due process claims to be wholly without merit. It will be for Defendant to explain the sufficiency of the procedures used to institute the no-contact order and how it relates to Plaintiff's potential liberty interests at stake in that order.

For the reasons stated above, the Court finds that Plaintiff may proceed on the following claims: (1) a First Amendment free speech and association claim arising from Burns' May 27, 2016 no-contact order; (2) a Fourteenth Amendment procedural due process claim for deprivation of Plaintiff's ability to contact his daughter, pursuant to Burns' May 27, 2016 no-contact order, without due process of law; and (3) a Fourteenth Amendment substantive due process claim arising from Burns' May 27, 2016 no-contact order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service

agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge