# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DARRYL ALLEN FLYNN, | |
| Plaintiff, | Case No. 17-CV-312-JPS |
| v. | |
| LT. BURNS, | |
| Defendant. | **ORDER** |

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that his civil rights were violated. Presently before the Court is Plaintiff's motion requesting the return of $14.56, which he believes was wrongfully debited from his prison trust account in partial payment of the filing fee in this case. (Docket #9). On March 8, 2017, Plaintiff paid $15.62 from his prison trust account as the initial partial filing fee in this case. *See* (Docket #9 at 2); 28 U.S.C. § 1915(b)(1). On March 27, 2017, an additional $14.56 was taken out of his trust account by prison officials. (Docket #9 at 2). When Plaintiff objected, a prison official responded that the debit was a partial payment toward the filing fee in this case, as required under 28 U.S.C. § 1915(b)(2). That section provides that

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

Plaintiff's argument is that the March 27 debit was wrongful, but the reason he believes it was wrongful is not entirely clear. First, he seems to think that the deduction was intended to be a part of his initial partial filing fee, which he had already paid. (Docket #9 at 2). Alternatively, it appears that Plaintiff may believe that by deducting both the initial partial filing fee on March 8 and the additional amount on March 27, the prison took over twenty percent of February 2017's income, in violation of Section 1915(b)(2). *Id.* at 2–3.

Neither argument has any merit. First, the evidence Plaintiff submitted shows that the March 27 deduction was made to go toward the remainder of the filing fee for this case, not the initial partial filing fee. *See* (Docket #9-1 at 1). Second, the argument that Plaintiff cannot be forced to pay the initial partial filing fee and an additional twenty percent of the preceding month's income in the same month, while novel, is unpersuasive. The statute defines the initial partial filing fee as "20 percent of the greater of (A) the average monthly deposits to the prisoner's account[] or (B) the average monthly balance in the prisoner's account[,] for the 6-month period immediately preceding the filing of the complaint or notice of appeal." *Id.* § 1915(b)(1). It then provides that after this amount is paid, the prison should deduct each month twenty percent of the prisoner's income in the preceding month to be paid toward the remainder of the filing fee. *Id.* § 1915(b)(2). Nothing in Section 1915(b)(2) suggests that the initial partial filing fee counts toward the twenty-percent debit for a given month. The two payments are entirely

separate, and Plaintiff's belief to the contrary cannot displace the plain language of the statute.¹ As a result, Plaintiff's motion will be denied.²

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reimbursement of funds taken for the filing fee in this case (Docket #9) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

¹Moreover, it seems that Plaintiff's argument is based on the misapprehension that it is his March 2017 income that is relevant to the twenty-percent debit on March 27. To the contrary, under Section 1915(b)(2), the amount taken on March 27 would have been based on Plaintiff's February 2017 income.

²At the end of the motion, Plaintiff requests that the Court order that no further deductions be made toward the filing fee until this case is concluded. (Docket #9 at 3). He asks for this consideration so that he can have enough money to make photocopies of documents rather than be forced to handwrite all copies. *Id.* He cites no statute or rule giving the Court the authority to hold the payments required by Section 1915(b)(2) in abeyance; instead, he relies only on notions of fairness. *See id.* In the absence of relevant statutory or other authority, the Court has no power to relieve Plaintiff of the requirements of Section 1915(b)(2). *See Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (noting that Section 1915 "does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs[;] expert witness fees. . .; or sanctions"). His request is denied.